Linnea Brown (CA State Bar No. 225792)
Katheryn Coggon (admitted *pro hac vice*)
HOLME ROBERTS & OWEN LLP
560 Mission Street, 25th Floor
San Francisco, CA 94105-2994
(303) 861-7000
Fax: (303) 866-0200
nea.brown@hro.com
katheryn.coggon@hro.com

Attorneys for
Sun Microsystems, Inc.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CHUBB CUSTOM INSURANCE COMPANY, for itself and as subrogee of, and in the name of TAUBE-KORET CAMPUS FOR JEWISH LIFE, <br><br> Plaintiff, <br><br> v. <br><br><br> SPACE SYSTEMS/LORAL, INC., et al., <br><br><br> Defendants. | CASE NO. C-09-04485 JF <br><br><br> SUN MICROSYSTEMS, INC.'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF <br><br> Date:          June 18, 2010 <br> Time:          9:00 a.m. <br> Courtroom:  3, 5th Floor <br><br> The Honorable Jeremy D. Fogel |

## NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that on June 18, 2010, in Courtroom 3 located on the 5th floor of

the United States Courthouse at 280 South First Street, San Jose, California, Defendant Sun

Microsystems, Inc. (Sun) will, and hereby does, move to dismiss Plaintiff Chubb Custom Insurance

Company's (Chubb) First Amended Complaint under Rule 12(b)(6) of the Federal Rules of Civil

Procedure for failure to state claims upon which relief can be granted.

1

#1469886 v1 den

1    As set forth in more detail below, Chubb's Complaint against Sun should be dismissed in its

2    entirety.  Chubb brings claims against Sun for subrogation under the Comprehensive Environmental

3    Response, Compensation, and Liability Act, 42 U.S.C.S. § 9601 et seq. (CERCLA); contractual and

4    equitable subrogation; statutory indemnity under the California Health and Safety Code; and

5    nuisance.  Chubb has failed to allege the essential elements of its purported claims for relief, thus the

6    claims cannot stand.  Chubb's Complaint provides only a formulaic recitation of the elements (and

7    not all of those adequately alleged) without sufficient factual support and makes contradictory

8    factual allegations.  Additionally, Chubb's nuisance claim is barred by the statute of limitations.

9    This motion is based upon this notice of motion and motion and accompanying memorandum

10   of points and authorities, the pleadings of record in this matter and on any further submissions or

11   argument of counsel as the Court may permit.

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.    BACKGROUND**

14   This action arises out of contaminated soil and groundwater at a 47-acre site located in Palo

15   Alto, California (the Site).  First Amended Complaint (FAC) ¶ 9-11.  The Site was allegedly owned

16   and occupied by Ford Aerospace & Communications Corporation (Ford Aerospace) for

17   manufacturing satellites from 1959 to 1990.  FAC ¶¶ 9, 26.  Sun owned a 12-acre portion of the Site

18   at 901 San Antonio Road.  FAC ¶ 23.  Chubb alleges that Taube-Koret Campus for Jewish Life

19   (TKCJL) purchased the Sun portion of the site in June 2002.  FAC ¶ 23.  The other portions of the

20   Site were allegedly owned at various times by the other named defendants.

21   According to Chubb, TKCJL incurred environmental response costs for "inspecting, testing

22   and remediation of hazardous substances on its portion of the Site and in compliance with

23   governmental cleanup orders[.]"  FAC ¶ 8.  Chubb further alleges that certain hazardous substances

24   "were released and are continuously threatened to be released on the Site," including

25   perchloroethylene (PCE), trichloroethylene (TCE), other volatile organic compounds, and petroleum

26   hydrocarbons.  FAC ¶ 11.  The California Regional Water Quality Control Board (RWQCB) named

27   TKCJL as a discharger with respect to the Site.  FAC ¶ 13.  TKCJL allegedly incurred $2.4 million

28

#1469886 v1 den

"in response costs and fees for [] the investigation, planning and remedial cleanup of the Site." FAC ¶ 16. TKCJL subsequently made claims pursuant to an insurance policy issued by Chubb for response costs and attorneys fees incurred in connection with the investigation and cleanup of the Site. FAC ¶ 17. Chubb alleges it has paid TKCJL the $2.4 million and thus made TKCJL whole. FAC ¶ 18.

Chubb filed an initial complaint on September 23, 2009. Several defendants moved to dismiss or strike portions of the complaint. The court granted the motions with leave to amend.

## II.    STANDARD OF REVIEW

The Federal Rules of Civil Procedure require that a complaint contain "a short and plain statement showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A party may move for dismissal of an action for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In considering a Rule 12(b)(6) motion, the Court must accept all of the claimant's material allegations as true and must construe all doubts in the light most favorable to the claimant. *Sunnyside Development Corp. v. Opsys U.S. Corp.*, 2006 U.S. Dist. LEXIS 26655 (N.D. Cal. 2006) (citing *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987)). However, "conclusory allegations without more are insufficient to defeat a motion to dismiss for failure to state a claim." *McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 810 (9th Cir. 1988). The United States Supreme Court recently restated and clarified the pleading standards under Rules 8(a) and 12(b)(6) in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955 (2007), and *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009). In *Iqbal*, the Court held that "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555).

While the pleading standard announced by Rule 8 does not require "detailed factual allegations," it demands more than an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal,* 129 S. Ct. at 1949 (citing *Twombly,* 550 U.S. at 555). A complaint is not sufficient "if it tenders 'naked assertions' devoid of 'further factual enhancement.'" *Id.* (quoting

1   *Twombly,* 550 U.S. at 557) (brackets omitted).  The allegations found in the Complaint "must be

2   enough to raise a right to relief above the speculative level."  *Twombly*, 127 S. Ct. at 1965.

3   **III.    ARGUMENT**

4   **A.  Chubb's Complaint Should Be Dismissed Because It Cannot Satisfy the**

5   **Requirements of CERCLA**

6       Under the Supreme Court's clarified and restated pleading standards, in order to survive a

7   motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a

8   claim for relief that is plausible on its face.'"  *Iqbal,* 129 S. Ct. at 1949 (citing *Twombly,* 550 U.S. at

9   570).

10      A claim has facial plausibility when the plaintiff pleads factual content that allows the
        court to draw the reasonable inference that the defendant is liable for the misconduct
        alleged. . . . The plausibility standard is not akin to a "probability requirement," *but it*
11      *asks for more than a sheer possibility that a defendant has acted unlawfully. . . .*
        Where a complaint pleads facts that are "merely consistent with" a defendant's
12      liability, it "stops short of the line between possibility and plausibility of entitlement
        to relief."

13

14      *Id.* (citation omitted) (emphasis added). If a complaint's well-pleaded facts do not permit the

15  trial court "to infer more than the mere possibility of misconduct, the complaint has alleged – *but has*

16  *not 'shown'* – 'that the pleader is entitled to relief.'" *Id.* at 1950 (quoting Rule 8(a)(2)) (emphasis

17  added) (bracket omitted). Chubb's Complaint against Sun should be dismissed because it alleges

18  only the sheer possibility that Sun has acted unlawfully and fails to "show" that Chubb is entitled to

19  relief.

20      Chubb now seeks to impose CERCLA liability on Sun based solely on subrogation under

21  section 112(c) (Count I).  CERCLA § 112(c) provides that any person who pays compensation under

22  CERCLA to any claimant "shall be subrogated to all rights, claims, and causes of action for such

23  damages and costs of removal that the claimant has" under CERCLA.  42 U.S.C. § 112(c)(2).

24  Chubb's Complaint fails to show Sun is liable under CERCLA.  CERCLA authorizes private parties

25  who have incurred costs cleaning up hazardous waste to initiate civil actions to recover those costs

26  from the parties responsible for the creation of the hazardous waste. *Carson Harbor Village, Ltd. v.*

27

28

4

*Unocal Corporation*, 270 F.3d 863, 870 (9th Cir. 2001). In order to prevail in a private cost recovery or contribution action under CERCLA, the plaintiff must establish that:

> (1) the site on which the hazardous substances are contained is a "facility" under CERCLA's definition of that term, CERCLA § 101(9), 42 U.S.C. § 9601(9);
>
> (2) a "release" or "threatened release" of any "hazardous substance" from the facility has occurred, 42 U.S.C. 9607(a)(4);
>
> (3) such "release" or "threatened release" has caused the plaintiff to incur response costs that were "necessary" and "consistent with the national contingency plan," 42 U.S.C. §§ 9607(a)(4) and (a)(4)(B); and
>
> (4) the defendant is within one of the four classes of persons subject to the liability provisions of Section 107(a).

*Unocal*, 270 F.3d at 870-871 (citation and quotation omitted).

The federal act subjects four categories of persons to liability: current owners or operators; owners or operators of a facility "at the time of disposal" of any hazardous substance; those who arrange for the disposal or treatment of any hazardous substance; and those who transport hazardous substances to disposal or treatment facilities. 42 U.S.C. § 9607(a). In this case Chubb alleges the following against Sun:

> 88. On information and belief, Chubb alleges that between 1988 to 2002, Sun purchased, stored, used, handled, spilled, leaked, generated, treated, transported, disposed of, and controlled hazardous substances that caused the contamination which came to be located on the Site, and was otherwise released into the environment.
>
> 89. As a former owner and operator of a facility where hazardous substances were disposed of, or otherwise came to be found, Sun is a person subject to liability as defined in Section 107(a)(2) of CERCLA, 42 U.S.C. § 9607(a)(2).
>
> 90. On information and belief, Chubb alleges that on or around 1989, during the demolition of the former Ford Aerospace vehicle maintenance facility, Sun contracted, agreed, or otherwise arranged for the treatment or disposal, transportation for treatment or disposal of hazardous substances that caused the contamination which came to be located on the Site, and was otherwise released into the environment.
>
> 91. As a generator of hazardous substances, Sun is a person subject to liability as defined in Section 107(a)(3) of CERCLA, 42 U.S.C. § 9607(a)(3).
>
> 92. As a result of Sun's release of hazardous substances on the Site and failure to perform the necessary environmental remediation, TKCJL was forced to incur response costs consistent with the NCP.

1  FAC ¶¶ 88-92.

2      Chubb attempts to allege liability as to Sun as a former owner or operator and as a generator.

3  However, these paragraphs merely parrot the statutory language; they are naked assertions devoid of

4  further factual enhancement, which *Iqbal* rejects.  The only specific factual allegation that can be

5  derived from these paragraphs is that Sun demolished the vehicle maintenance facility.  Chubb

6  alleges that during the demolition, "Sun excavated, transported, and disposed the soil and debris of

7  the demolished facility, and in so doing, Sun released hazardous substances into the surrounding

8  environment without cleaning up the resulting contamination."  FAC ¶ 56.  Chubb alleges with at

9  least some specificity that defendants Ford Aerospace and SS/L released chlorinated solvents and

10 metals into the environment during the satellite and electronic manufacturing operations at the Site

11 from 1959 to 1990.  FAC ¶¶ 145, 26.  Whereas with respect to Sun, Chubb cannot allege what kind

12 of hazardous substances Sun allegedly disposed of or the supposed manner of use and disposal.  That

13 is because Sun did not use any hazardous substances.  Indeed, as Chubb admits, the hazardous

14 substances had already been released to the environment at this Site when Sun purchased its portion

15 of the property.  *See* RWQCB Order No. 89-137, naming Ford Aerospace Corporation as the sole

16 discharger.

17     Imposing liability for the mere presence of hazardous substances would contravene *Carson*

18 *Harbor Village v. Unocal Corp.,* 270 F.3d 863 (9th Cir. 2001), where the Ninth Circuit found that a

19 past owner of property was not liable under 42 U.S.C. § 9607(a)(2), despite the presence and

20 migration of soil contamination during the time of the defendant's ownership.  *Carson Harbor,* 270

21 F.3d at 874.  "[T]here was no disposal during the [defendants'] ownership.  Therefore, they are not

22 PRPs, and they are not subject to liability."  *Id.*

23     Chubb alleges that Sun did not carry out on-site cleanup as ordered by the RWQCB, did not

24 "abate the ongoing release of hazardous waste into the soil and groundwater" and "elected not to

25 remediate the Site[.]"  FAC ¶¶ 55, 56.  Yet Chubb neglects to mention that the referenced orders

26 specifically state that Sun was listed as a discharger because it owns property at the site (as

27 distinguished from Ford Aerospace because "it is the entity responsible for release of chemicals to

28

6

the soil and groundwater at the site.")  RWQCB Order No. 93-091, at 2; RWQCB Order No. 96-023, at 2; RWQCB Order No. 99-043, at 2.  Moreover, in each successive order, the RWQCB acknowledges the successful completion of all remediation tasks assigned in the prior order.  See, e.g., RWQCB Order No. 99-043, at 4.  None of the Orders suggest that Sun's demolition work in any way contributed to further releases of hazardous substances to the environment.

There is no indication that Chubb incurred clean up costs from releases of hazardous substances that Sun released, if any.  Nor is there any indication of what hazardous substances were allegedly released by Sun's actions or from its property.  Under *Iqbal* and *Twombly*, Chubb must plead something more than legal conclusions couched as a factual allegations in order to satisfy the requirements of Rule 8(a)(2).  As the Supreme Court made clear, a complaint is not sufficient "if it tenders 'naked assertions' devoid of 'further factual enhancement.'" *Iqbal*, *id.* at 1949 (quoting *Twombly*, 550 U.S. at 557) (brackets omitted).  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).  In this case, Chubb's FAC again falls short of stating a plausible claim for relief under CERCLA.

Without its CERCLA claim, Chubb's case is reduced solely to state law claims.  As recognized by this Court, "unless 'considerations of judicial economy, convenience[,] and fairness to litigants' weigh in favor of the exercise of supplemental jurisdiction, 'a federal court should hesitate to exercise jurisdiction over state claims.'"  Order Granting Motions to Dismiss with Leave to Amend, at 8 (Feb. 23, 2010) (*quoting United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966)).  Since this case is still in its infancy, there is no compelling argument to keep the case in federal court in the absence of the only federal law claim.  Thus the court should dismiss the remaining state law claims.

### B.    Chubb Has Failed to State a Claim for Contractual Subrogation

Chubb's FAC fails to state a claim for contractual subrogation under its insurance policy with TKCJL.  Chubb's contractual subrogation claim necessarily hinges on whether TKCJL has rights to recover all or part of any payment Chubb made under the insurance policy.  Thus, as to Sun, TKCJL

must be able to recover payments under CERCLA or nuisance.  As discussed above as to CERCLA and more fully below as to nuisance, neither count is adequately alleged, so Chubb's contractual subrogation claim must likewise fail.

      **C.**      **Chubb Has Failed to State a Claim for Equitable Subrogation**

In order to state a claim for equitable subrogation under California law, an insurer must establish, among other requirements, that the insured suffered a loss for which the defendant is liable.  *Fireman's Fund Ins. Co. v. Wilshire Film Ventures, Inc.,* 52 Cal. App. 4th 553, 555 (1997). Chubb's equitable subrogation claim fails because Chubb has not stated facts that show Sun is liable to TKCJL under CERCLA  or any other provision of law.  Consequently, Chubb's claim against Sun for equitable subrogation must be dismissed.

      **D.**      **Chubb Has Failed to State a Claim for Statutory Indemnity under Cal. Health & Safety Code**

Count IV purports to state a claim that Sun and the other defendants "are liable by virtue of CERCLA and/or California Health and Safety § 25363(e) for the contamination existing in the subsurface soil and in the groundwater at the Site."  FAC ¶ 130.   Count IV lacks the factual bases required by *Twombly* and *Iqbal*.

California Health and Safety Code § 25363 allows "[a]ny person who has incurred removal or remedial action costs in accordance with this chapter or the federal act [to] seek contribution or indemnity from any person who is liable pursuant to this chapter."  Health & Safety § 25363(e). Count IV fails because Chubb has no basis to allege that Sun "is liable pursuant to this chapter," i.e., pursuant to the HSAA, as required by Health & Safety Code § 25363(e).  A "'liable person,' for purposes of this chapter, means those persons described in Section 107(a) of the federal act (42 U.S.C. § 9607(a))."  Health & Safety § 25323.5(a)(1).  As discussed above, Chubb has not adequately alleged that Sun fits within one of the four classes of persons subject to liability under CERCLA § 107(a).

### E.      Chubb's Claim for Nuisance Cannot Stand

Chubb brings a nuisance claim against all the defendants because, it alleges, defendants' activities "resulted in the discharge of hazardous substances into the environment, which remains and continues to leach throughout the soil and groundwater by passive migration."  FAC ¶ 153. Chubb goes on to clarify the nuisance claim in subsequent paragraphs and repeatedly refers to the hazardous substances as remaining on the property and creating a "continuing nuisance."  *See, e.g.*, FAC ¶¶154-156, 160-165.  Indeed, the RWQCB Order that approved the risk management plan proposed by TKCJL required active vapor extraction and ongoing environmental monitoring.  *See* FAC ¶ 139; RWQCB Order for 901 San Antonio Road, Finding 10.  Chubb does not address those requirements or mention that the activities are ongoing.  Those assertions directly contradict earlier assertions in the complaint that "TKCJL has been compensated and has been made whole."  FAC ¶ 8.  Either TKCJL has fully cleaned the property, submitted its claim to Chubb and been made whole by Chubb's payment of the claim or the contamination remains on the property creating the alleged continuing nuisance.  The two scenarios are mutually exclusive and Chubb ought not to be allowed to allege conflicting facts.  Indeed, the court could very well hold that the admissions of continuing nuisance preclude the subrogation claims and that the admissions that TKCJL has been made whole preclude the continuing nuisance claim.

Even if the allegations can be reconciled, Chubb's claim for continuing nuisance is barred by the statute of limitations.[1]  In a continuing nuisance case, plaintiffs are limited to recovery for actual injury incurred within the three years immediately preceding the date their action was filed. *Capogeannis v. Superior Court,* 2 Cal App. 4th 668, 676 (Cal App 6th dist 1993); CCP § 338, subd. (b).  TKCJL obtained final approval of its risk management plan on June 22, 2006.[2]  FAC ¶ 15.  The

---

[1] For this motion, it is taken as true that the alleged nuisance is continuing rather than permanent.

[2] Chubb does not indicate anywhere in the FAC when the cleanup work was completed  -- is it perhaps continuing today?  The cleanup either is completed or it is not.  Inconsistent legal theories may be alleged, but not contradictory facts.  However, news reports and a history of the project found on TKCJL's website indicate that construction of the new campus began in 2007.  Many of

#1469886 v1 den

nuisance claim was added for the first time on March 25, 2010 in the FAC, thus Chubb's continuing nuisance claim is time barred and should be dismissed.

**IV.  CONCLUSION**

For the foregoing reasons, Defendant Sun respectfully submits that the allegations contained in Chubb's First Amended Complaint fail to state a claim and should be dismissed under Rule 12(b)(6).

Dated:  May 3, 2010                                    HOLME ROBERTS & OWEN LLP


By:   *Linnea Brown*
                                                                 Linnea Brown
                                                                 Attorneys for Sun Microsystems, Inc.

the RWQCB's tasks required compliance 60 days "before commencement of construction of redevelopment project".  RWQCB Order for 901 San Antonio Road, Part C.

#1469886 v1 den