ROGERS JOSEPH O'DONNELL
ROBERT C. GOODMAN (State Bar No. 111554)
*rgoodman@rjo.com*
ANN M. BLESSING (State Bar No. 172573)
*ablessing@rjo.com*
D. KEVIN SHIPP (State Bar No. 245947)
*kshipp@rjo.com*
311 California Street
San Francisco, California 94104
Telephone:  415.956.2828
Facsimile:  415.956.6457

Attorneys for Defendant
CHEVRON CORPORATION

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| CHUBB CUSTOM INSURANCE COMPANY, for itself and as subrogee of, and in the name of TAUBE-KORET CAMPUS FOR JEWISH LIFE,<br><br>                    Plaintiff,<br><br>          vs.<br><br>SPACE SYSTEMS/LORAL, INC., a Delaware corporation, directly and as successor in interest to FORD AEROSPACE & COMMUNICATIONS CORPORATION, FORD MOTOR COMPANY, a Delaware corporation, as predecessor in interest to FORD AEROSPACE & COMMUNICATIONS CORPORATION, SUN MICROSYSTEMS, INC., a Delaware corporation, CHEVRON CORPORATION, a Delaware corporation, and HARMAN STEVENSON INC., a California corporation, dba KFC,<br><br>                    Defendants. | Case No. C09 04485 JF<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION FOR A MORE DEFINITE STATEMENT AND MOTION TO STRIKE**<br><br>Amended Complaint Filed:  March 25, 2010<br><br>Date:          June 18, 2010<br>Time:         9:00 a.m.<br>Dept.:         3, 5th Floor<br>Judge:        Honorable Jeremy D. Fogel<br>Trial Date: None Set |

---

Defendant Chevron Corporation's Notice of Motion and Motion to Dismiss; Motion for a More Definite Statement and Motion to Strike - CASE NO: C09 04485 JF

289844.4

1

# TABLE OF CONTENTS

2

Page

3

I.    INTRODUCTION...............................................................................................2

4

II.   STATEMENT OF ISSUES TO BE DECIDED.............................................2

5

III.  PROCEDURAL BACKGROUND...................................................................2

6

IV.   STATEMENT OF RELEVANT FACTUAL ALLEGATIONS....................4

7

V.    LEGAL STANDARD ......................................................................................5

8

    A.    Failure to State a Claim Upon Which Relief can be Granted...........5

9

VI.   ARGUMENT ...................................................................................................7

10

    A.    Under the Standard Established by the United States Supreme
Court, Chubb's Amended Complaint is Subject to Dismissal

11

        Because it Fails to State Any Claims for Relief Against Chevron

12

        That are Plausible on Their Face. .......................................................7

13

        1.    Chubb Has Failed to Allege Sufficient Facts to Support
its CERCLA Causes of Action.................................................7

14

            a.    Chubb Has Failed to Allege Sufficient Facts to

15

               Support its Allegation that Chevron is Responsible
               for a Release Which Caused Taube-Koret to incur

16

               Response Costs. ...........................................................7

17

            b.    Chubb Has Failed to Allege Sufficient Facts to
               Establish a Cause of Action Under CERCLA §

18

               310, 42 U.S.C. § 9659. ................................................9

19

            c.    Chubb has not Sufficiently Pled that Chevron is an
               "Arranger" under CERCLA § 107(a)(3) .................................10

20

        2.    Chubb Failed to Allege Sufficient Facts to Support its
            Legal Conclusion That its Insured, Taube-Koret, has

21

            Been Made Whole..................................................................10

22

        3.    Chubb Has Failed to Allege Sufficient Facts to Support
            its Cause of Action for Continuing Nuisance. .....................12

23

    B.    Chubb's Fourth Cause of Action for Statutory Indemnity Under

24

        California Health and Safety Code § 25363(e) Should be
        Dismissed Because it is not Supported by any Cognizable Legal

25

        Theory.................................................................................................12

26

    C.    Chubb's Fifth Cause of Action for Trespass and Seventh Cause
        of Action for Strict Liability Should be Dismissed Because They

27

        are Time Barred. ................................................................................13

28

    D.    If Chubb's Complaint is not Dismissed, Chubb Should be

Defendant Chevron Corporation's Notice of Motion and Motion to Dismiss, Motion for a More Definite Statement,
and Motion to Strike - CASE NO: C09 04485 JF

289844.4

   Required to Provide a More Definite Statement of its Claims
   Against Chevron. ............................................................................................14

 E. Chubb's Prayer for Attorney's Fees Should be Stricken Because
  there is no Legal Basis for the Relief Sought. ..................................................15

VII. CONCLUSION ..........................................................................................16

Defendant Chevron Corporation's Notice of Motion and Motion to Dismiss, Motion for a More Definite Statement, and Motion to Strike - CASE NO: C09 04485 JF

289844.4

1

## <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

**FEDERAL CASES**

4
*3550 Stevens Creek Assocs. v. Barclays Bank,*
    915 F.2d 1355 (9th Cir. 1990) ................................................................. 8

5

6
*Albrecht v. Lund,*
    845 F.2d 193 (9th Cir. 1988) ................................................................. 6

7
*Am. Int'l Specialty Lines Ins. Co. v. U.S.,*
    2005 U.S. Dist. LEXIS 4870 (N.D. Cal. Mar. 24, 2005) ........................... 10-11, 12

8

9
*Am. Int'l Specialty Lines Ins. Co. v. U. S.,*
    2008 U.S. Claims LEXIS 481 (Fed. Ct. Jan. 31, 2008.) ........................ 11

10

11
*Ashcroft v. Iqbal,*
    129 U.S. 1937 (2009) ................................................................. 6, 7

12
*Bell Atl. Corp. v. Twombly,*
    550 U.S. 544 (2007) ("*Twombly*") ................................................. 6, 15

13

14
*BNSF Railway Co. v. California,*
    2009 U.S. Dist. LEXIS 2802 (E.D. Cal. Jan. 6, 2009.) ........................ 15

15
*Cahill v. Liberty Mut. Ins. Co.,*
    80 F.3d 336 (9th Cir. 1996) ................................................................. 6

16

17
*Cal. Dept. of Toxic Substance Control v. City of Chico,*
    297 F. Supp. 2d 1227 (2004) ................................................................. 10

18

19
*Carson Harbor Village, Ltd. v. Unocal Corp.,*
    270 F.3d 863 (9th Cir. 2001.) ................................................................. 9

20
*City of Waukegan v. National Gypsum Co.,*
    2009 U.S. Dist. LEXIS 93333 ................................................................. 15

21

22
*Clegg v. Cult Awareness Network,*
    18 F.3d 752 (9th Cir. 1994) ................................................................. 6

23

24
*Denison v. Kitzhaber,*
    2001 U.S. Dist. LEXIS 12514 (D. Or. July 24, 2001 ........................ 10

25
*Hallstrom v. Tillamook County*
    493 U.S. 20, 31-33 (1989) ................................................................. 10

26

27
*FDIC v. Jackson-Shaw Partners No. 46,*
    850 F.Supp. 839 (N.D. Cal. 1994) ................................................. 12

28

Defendant Chevron Corporation's Notice of Motion and Motion to Dismiss, Motion for a More Definite Statement, and Motion to Strike - CASE NO: C09 04485 JF

289844.4

*Key Tronic v. U. S.*
    511 U.S. 809 (1994) ............................................................................ 15

*Louisiana Pacific Corp. v. Beazer Materials & Services, Inc.*,
    811 F. Supp. 1412 (E.D. Cal. 1993) ................................................... 8

*Mendiondo v. Centinela Hosp. Med. Ctr.*,
    521 F.3d 1097 (9th Cir. 2008) ...................................................... 5, 13

*Pakootas v. Teck Cominco Metals, Ltd.*
    452 F.3d 1066 (9th Cir. 2006.) ......................................................... 10

*Pareto v. FDIC*,
    139 F.3d 696 (9th Cir. 1998) ............................................................. 6

*SPPI-Somersville v. TRC Companies*,
    2009 U.S. Dist. LEXIS 74464 (N.D. Cal. Aug. 21, 2009) ................. 15

*Santa Clara Valley Water District v. Olin Corporation*,
    655 F. Supp. 2d 1048 (N.D. Cal. 2009) .............................................. 8

*Sprewell v. Golden State Warriors*,
    266 F.3d 979 (9th Cir. 2001) ............................................................. 6

*Ulvestad v. Chevron USA., Inc.*,
    818 F. Supp. 292 (C.D. Cal. 1993) .................................................... 8

*United Mine Workers v. Gibbs*,
    383 U.S. 715 (1966) .......................................................................... 2

*Wilkerson v. Butler*,
    229 F.R.D. 166 (E.D. Cal. 2005) ...................................................... 16

**STATE CASES**

*Beck Development Co., Inc. v. Southern Pacific Trans. Co.*,
    44 Cal. App. 4th 1160 (1996) ........................................................... 14

*CAMSI IV v. Hunter Technology Corp.*,
    230 Cal. App. 3d 1525 (1991) .......................................................... 14

*Iverson, Yoakam, Papiano & Hatch v. Berwald*,
    76 Cal. App. 4th 990 (1999) ............................................................. 14

*KFC Western, Inc. v. Meghrig*,
    23 Cal. App. 4th 1167 (1994) ............................................................. 8

*Mangini v. Aerojet-General Corp.*,
    230 Cal. App. 3d 1125 (1991) .......................................................... 14

Defendant Chevron Corporation's Notice of Motion and Motion to Dismiss, Motion for a More Definite Statement, and Motion to Strike - CASE NO: C09 04485 JF

289844.4

*Santa Fe P'ship v. ARCO Prods. Co.,*
   46 Cal. App. 4th 967 (1996) ............................................................... 12

*Sapiano v. Williamsburg Nat. Ins. Co.,*
   28 Cal. App. 4th 533 (1994) ............................................................... 11

*Starrh & Starrh Cotton Growers v. Aera Energy LLC,*
   153 Cal. App. 4th 583 (2007) ............................................................. 14

**FEDERAL STATUTES**

   28 U.S.C§ 1367(c)(3) .......................................................................... 2

Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA)

   CERCLA §101, 42 U.S.C. §9601, et seq .............................................. 3

   CERCLA §101(14), 42 U.S.C. §9601(14) ............................................. 8

   CERCLA §107, 42 U.S.C. §9607 ....................................................... 10

   CERCLA §107(a)(3), 42 U.S.C. §9607(a)(3) ...................................... 10

   CERCLA §112(c), 42 U.S.C. § 9612(c) .......................................... 10, 11

   CERCLA § 310, 42 U.S.C. §9659 ........................................................ 9

   CERCLA § 310(a), 42 U.S.C. §9659(a) ................................................. 9

   CERCLA § 310(c), 42 U.S.C. §9659(c) ................................................. 9

   CERCLA § 310(d)(1), 42 U.S.C. §9659(d)(1) ....................................... 9

   CERCLA § 310(f), 42 U.S.C. §9659(f) ............................................ 2, 15

**FEDERAL RULES ("FRCP")**

   FRCP Rule12 et seq. ........................................... 1, 5, 6, 12, 13, 14, 15, 16

   FRCP Rule 8 et seq. ...................................................... 2, 6, 7, 14, 16

**STATE STATUTES & CODES**

California Code of Civil Procedure § 338(b) ............................................. 14

California Health and Safety Code Section 25317 ..................................... 8

California Health and Safety Code Section 25360(e) ............................... 13

California Health and Safety Code Section 25363(e) ...................... 2, 4, 13, 15

Defendant Chevron Corporation's Notice of Motion and Motion to Dismiss, Motion for a More Definite Statement, and Motion to Strike - CASE NO: C09 04485 JF

289844.4

California Health and Safety Code Section 25366(a) .................................................................. 13

Defendant Chevron Corporation's Notice of Motion and Motion to Dismiss, Motion for a More Definite Statement, and Motion to Strike - CASE NO: C09 04485 JF

289844.4

DEFENDANT CHEVRON CORPORATIONS' NOTICE OF MOTION AND MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION FOR A MORE DEFINITE STATEMENT AND MOTION TO STRIKE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; FEDERAL RULES OF CIVIL PROCEDURE RULES 12(b)(1), 12(b)(6), 12(e), and 12(f).

NOTICE

TO PLAINTIFF CHUBB CUSTOM INSURANCE COMPANY AND ITS ATTORNEYS OF RECORD:

NOTICE IS HEREBY GIVEN that on June 18, 2010 at 9:00 a.m. or as soon thereafter as counsel may be heard in Courtroom 3, of the above-referenced Court, located at 280 South First Street, San Jose, CA 95113, Defendant Chevron Corporation will, and hereby does, move this Court for an order:  (1) dismissing with prejudice each of Plaintiff's seven causes of action which are contained in Plaintiff's First Amended Complaint (Document Number 61) for failure to state any claim upon which relief can be granted; (2) requiring Plaintiff to provide a more definite statement for the causes of action in the Amended Complaint that are not dismissed, because the Amended Complaint is so vague and ambiguous that Chevron Corporation cannot reasonably prepare a response; and (3) striking Plaintiff's prayer for litigation fees and costs.

This motion is brought pursuant to Federal Rules of Civil Procedure ("FRCP"), Rules 12(b)(1), 12(b)(6), 12(e), and 12(f), as set out more fully in the Memorandum of Points and Authorities below.

This motion is based on this notice, the memorandum of points and authorities, the papers and pleadings herein, and on such oral and documentary evidence as may be adduced at the hearing of this matter.

\\\

\\\

\\\

Defendant Chevron Corporation's Notice of Motion and Motion to Dismiss; Motion for a More Definite Statement and Motion to Strike - CASE NO: C09 04485 JF

289844.4

MOTION

## I.      INTRODUCTION

Having been given an opportunity to correct numerous pleading deficiencies in its original Complaint, plaintiff Chubb Insurance Company ("Chubb") in its First Amended Complaint (Document Number 61) has once again failed to allege viable claims against moving party Chevron Corporation ("Chevron").  The Amended Complaint does not contain sufficient factual matter to state any claim for relief that is plausible on its face, thus failing to satisfy the pleading standard required by FRCP Rule 8.  In addition, each of Chubb's federal and state law claims should be dismissed for the additional reason that they are either barred, not ripe, or fail to state a cognizable legal theory.[1]  Accordingly, for the reasons set forth below, the Court should dismiss the Amended Complaint.

## II.     STATEMENT OF ISSUES TO BE DECIDED

1.      Whether Chubb's Amended Complaint is subject to dismissal because it fails to state any claim for relief that is plausible on its face.

2.      Whether Chubb can maintain its cause of action for statutory indemnity under California Health and Safety Code Section 25363(e).

3.      Whether Chubb's common law causes of action for trespass and strict liability for ultrahazardous activities are time barred.

4.      Whether Chubb should be required to provide a more definite statement.

5.      Whether Chubb can recover litigation fees and costs under CERCLA Section 9659(f) and the California Health and Safety Code Section 25363(e).

## III.    PROCEDURAL BACKGROUND

As the Court knows, Chubb brings this action against Chevron and numerous

---

[1] Should the Court dismiss all of Chubb's federal law claims, but not dismiss all of the state law claims, Chevron requests that the Court decline to exercise supplemental jurisdiction over the state law claims.  (28 U.S.C. § 1367(c)(3); *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966).)

Defendant Chevron Corporation's Notice of Motion and Motion to Dismiss; Motion for a More Definite Statement and Motion to Strike - CASE NO: C09 04485 JF

289844.4

other parties to recover costs its insured allegedly incurred in addressing contamination at a site in Palo Alto, California.  Chubb alleges it paid $2.4 million for clean up costs pursuant to an insurance policy held by its insured, Taube-Koret Campus for Jewish Life ("Taube-Koret").  Chubb brings this action for itself and as the purported subrogee of, and in the name of Taube-Koret.  Chubb's Amended Complaint attempts to assert claims under the Comprehensive Environmental Response, Compensation, and Liability Act, 42 U.S.C. Sections 9601, et seq. ("CERCLA") and California statutory and common law.  All seven of Chubb's causes of action against Chevron are based on the assertion that releases of hazardous substances from a gasoline service station which closed over thirty (30) years ago, that was allegedly owned or operated by Chevron, have damaged Taube-Koret and caused it to incur environmental clean up costs.

Chubb's original Complaint, filed on September 23, 2009 (Document Number 1), was dismissed following motions to dismiss by Chevron (Document Number 48) and other defendants.[2]  The Court filed an Order Granting Motions to Dismiss With Leave to Amend ("Order") on February 23, 2010 granting the motions with leave for Chubb to amend its Complaint (Document Number 60).  In the Order, the Court found that the Complaint was subject to dismissal because Chubb failed to allege sufficient facts to support its claims.  In regards to Chevron, the Court found that Chubb failed to allege any facts that could support an inference connecting the gasoline service station to the property allegedly owned and cleaned up by Taube-Koret.  Chubb was given leave to allege such facts should they exist.  The Court also found that Chubb had failed to allege sufficient facts to support its subrogation claims, as the facts showed that these claims were not ripe.  The Court ordered Chubb to plead with sufficient particularity the circumstances surrounding the compensation

---

[2] Defendants Harman-Stevenson, Inc., Ford Motor Company, and Sun Microsystems, Inc. filed motions to dismiss on substantially similar grounds to the grounds raised in Chevron's motion and the hearing was held on the same date.  These motions also were granted by the Court.

Defendant Chevron Corporation's Notice of Motion and Motion to Dismiss; Motion for a More Definite Statement and Motion to Strike - CASE NO: C09 04485 JF

289844.4

1   paid to its insured, Taube-Koret, and the causes of action belonging to Taube-Koret.  The

2   Court found that California Health and Safety Code § 25363(e) did not become effective until

3   after the alleged releases in or before 1977 attributed to Chevron.  Thus, the Court found that

4   Chubb could not remedy its Health and Safety Code claim unless it could allege facts

5   establishing Chevron's liability for acts or omissions occurring after January 1, 1982.[3]

6   **IV.     STATEMENT OF RELEVANT FACTUAL ALLEGATIONS**

7           Chubb alleges in its Amended Complaint that certain substances, including but

8   not limited to, Perchloroethylene or Tetrachloroethene ("PCE"), Trichloroethylene ("TCE"),

9   vinyl chloride, Polychlorinated biphenyls ("PCBs") and petroleum hydrocarbons, were

10  released and continue to be released into the soil and groundwater at 3825, 3963, and 3977

11  Fabian Way, 901 San Antonio Road (formerly 3939 Fabian Way), and 851 San Antonio

12  Road, Palo Alto, which the Amended Complaint defines collectively as "the Site."

13  (Amended Complaint ¶¶ 9, 11, 59, 146.)  The Amended Complaint alleges that Taube-Koret

14  owns a portion of the Site, an 8-acre parcel that is defined as "Parcel 2."  (Amended

15  Complaint ¶ 13.)  The Amended Complaint alleges that Taube-Koret was named a

16  "discharger" in a Cleanup Order issued by the Water Board based on its ownership of Parcel

17  2 and was held strictly liable for investigating and cleaning up Parcel 2.  (*Id.* at ¶¶ 13, 15-18,

18  107.)  The Amended Complaint alleges that Taube-Koret conducted investigation and clean

19  up activities on Parcel 2 in 2006 related to two chemicals, PCE and vinyl chloride.  (*Id.* at ¶¶

20  133-139.)

21          The Amended Complaint alleges that Chubb "issued a certain policy of

22  insurance to Campus for Jewish Life," now known as Taube-Koret.  (Amended Complaint ¶

23  17.)  Chubb alleges that Taube-Koret made claims pursuant to this insurance policy for

24  response costs and attorney fees incurred in connection with the investigation, assessment,

25  and clean up of hazardous substances on and around Parcel 2, in compliance with Orders

26  ───────────────────

27  [3] The Court also addressed other causes of action that Chubb has now apparently abandoned.

28

Defendant Chevron Corporation's Notice of Motion and Motion to Dismiss; Motion for a More Definite Statement and Motion to Strike - CASE NO: C09 04485 JF

289844.4

issued by the Water Board.  (*Id.* at ¶ 17-18.)  Chubb allegedly paid $2.4 million for Taube-Koret's response costs and attorney fees incurred in connection with Parcel 2.  (Amended Complaint ¶ 18, 107.)  Chubb alleges that Taube-Koret has been fully compensated for response costs and attorney fees it incurred in the past.  (*Id.*)

Chubb alleges on information and belief that "Chevron, Inc." "owned and operated a gasoline service station located at 851 San Antonio Road, in Palo Alto, California, between 1960 and 1977."[4]  (Amended Complaint ¶ 24.)  Chubb alleges that Chevron demolished its gasoline service station in or about 1977 but failed to remove an underground storage tank ("UST") which held waste oil.  (*Id.*)  Chubb further alleges that soil samples taken in 2008 revealed the presence of PCBs, petroleum hydrocarbons, and other unspecified hazardous substances in the area of the former gasoline service station.  (Amended Complaint ¶ 59.)  Chubb alleges on information and belief that this contamination was related to spillage and leaking of chemicals from the waste oil UST and other operations associated with the gasoline service station, including the demolition of the service station, although offers no specifics.  (*Id.* at ¶¶ 59-60.)  Chubb alleges that hazardous chemicals allegedly released by Chevron and the other Defendants "remain and continue to be released by leaching through the soil and groundwater by passive migration."  (*Id.* at ¶¶ 11, 19-25, 35, 36, 42, 48, 54, 57, 60, 63, 66, 68, 85, 92, 97, 102, 108, 145, 146, 153, 154, 155 160, 168, 169.)  Chubb alleges that Taube-Koret continues to be damaged by this contamination.  (*Id.*)

## V.   LEGAL STANDARD

### A.   Failure to State a Claim Upon Which Relief can be Granted.

Dismissal under FRCP Rule 12(b)(6) is appropriate where a complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory.  (*Mendiondo*

---

[4]  The Complaint does not name "Chevron, Inc." as a defendant.  Rather, Chevron Corporation is named as a defendant.  For the purposes of this motion Chevron Corporation will assume that Chubb's allegations regarding "Chevron, Inc." refer to Defendant Chevron Corporation.

Defendant Chevron Corporation's Notice of Motion and Motion to Dismiss; Motion for a More Definite Statement and Motion to Strike - CASE NO: C09 04485 JF

289844.4

*v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).)  A complaint lacks sufficient facts when the plaintiff fails to proffer "enough facts to state a claim to relief that is plausible on its face."  (*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) ("*Twombly*").)

For purposes of a motion to dismiss, the plaintiff's allegations of material fact must be taken as true and construed in the light most favorable to the nonmoving party. (*Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996); *See also Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998).)  At the same time, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." (*Twombly*, 550 U.S. at 555 (internal citations omitted); *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).)

Thus, a court need not accept as true conclusory allegations, unreasonable inferences, legal characterizations, or unwarranted deductions of fact contained in a complaint.  (*Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).) "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not 'show[n]'-- 'that the pleader is entitled to relief.'"  (*Ashcroft v. Iqbal*, 129 U.S. 1937, 1950 (2009) (quoting FRCP Rule 8(a)(2)) ("*Iqbal*").)  "Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."  (*Id*. at 1950.)  Factual deficiencies should be addressed at the point of minimum expenditure of time and money, before potentially time consuming and expensive discovery is allowed to proceed.  (*See Twombly*, 550 U.S. at 558-59.)  "If the district court determines that the 'allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency,' then the dismissal without leave to amend is proper."  (*Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988).)

\\\

\\\

\\\

Defendant Chevron Corporation's Notice of Motion and Motion to Dismiss; Motion for a More Definite Statement and Motion to Strike - CASE NO: C09 04485 JF

289844.4

1

# VI.    ARGUMENT

## A.    Under the Standard Established by the United States Supreme Court, Chubb's Amended Complaint is Subject to Dismissal Because it Fails to State Any Claims for Relief Against Chevron That are Plausible on Their Face.

As with its original Complaint, Chubb's Amended Complaint fails to meet the pleading standard established by FRCP Rule 8(a)(2) because it does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" (*Iqbal,* 129 S.Ct. at 1949.)  Under the two prong test for assessing the sufficiency of the pleading articulated in *Iqbal*, the Court should first identify and discard allegations that are no more than legal conclusions and conclusory statements, which are therefore not entitled to a presumption of truth.  (*Id.* at 1949-50.)  For the second step of the two-prong test, the Court must address the nub of the Amended Complaint, the well-pleaded, non-conclusory factual allegations, to determine whether they gave rise to a plausible claim for relief.  (*Id.* at 1950-51.)  A claim is plausible, as opposed to merely possible, if its factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  (*Id*. at 1949.)  In contrast, if a complaint alleges facts that are "merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief."  (*Id*., internal quotation marks omitted.)  Here, Chubb has once again failed to provide sufficient factual matter to support its allegations that Chevron caused its insured to incur response costs.

### 1.    Chubb Has Failed to Allege Sufficient Facts to Support its CERCLA Causes of Action.

#### a.    Chubb Has Failed to Allege Sufficient Facts to Support its Allegation That Chevron is Responsible for a Release Which Caused Taube-Koret to Incur Response Costs.

To establish a defendant's liability under CERCLA, a plaintiff must establish four elements:  (1) the site is a "facility;" (2) a "release" or "threatened release" of a hazardous substance from the facility has occurred; (3) the "release" or "threatened release" caused the plaintiff to incur response costs that were "necessary" and "consistent with the national contingency plan;" and (4) the defendant is within one of the four classes of persons

289844.4

subject to liability, such as former owners and operators of the facility.  (*See 3550 Stevens Creek Assocs. v. Barclays Bank,* 915 F.2d 1355, 1358 (9th Cir. 1990).)  In its attempt to meet the third element, Chubb alleges that Taube-Koret was forced to incur response costs as a result of releases by Chevron on the Parcel 2.  (Amended Complaint ¶ 97.)  This is a mere legal conclusion and not entitled to a presumption of truth.

While Chubb alleges in its Amended Complaint that Chevron owned and operated a gasoline service station at 851 San Antonio Road, and that there were releases of petroleum hydrocarbons and PCBs from this property,[5] Chubb does not allege ***facts*** to support its legal conclusion that these releases caused its insured to incur response costs, nor has it alleged ***facts*** "connecting the gas station . . . to the clean up on the parcel Taube-Koret currently owns."  (Order p. 6:18-27.)  In order for Taube-Koret's costs to be recoverable, Chubb must show a nexus between Chevron and the incurred response costs.  (*Santa Clara Valley Water District v. Olin Corporation*, 655 F. Supp. 2d 1048, 1057-58 (N.D. Cal. 2009); *see also Louisiana Pacific Corp. v. Beazer Materials & Services, Inc*. 811 F. Supp. 1412, 1430 (E.D. Cal. 1993).)  Here, Chubb has failed to allege sufficient facts to establish a nexus between Taube Koret's alleged response costs on Parcel 2 and the alleged release at the former service station at 851 San Antonio Road.

While the Amended Complaint alleges that in 2008 unspecified "geotechnical engineers" discovered PCB and petroleum hydrocarbon contamination related to a waste oil tank on the parcel formerly occupied by the service station, Chubb does not allege that it incurred any costs in addressing this alleged contamination (and in fact, the Amended Complaint alleges that the contamination that Chevron allegedly released remains at the

---

[5] Petroleum hydrocarbons are not "hazardous substances."  Therefore Chubb cannot recover for any costs incurred in cleaning up this substance under CERCLA or the Cal. Health and Safety Code.  (CERCLA Section 9601(14); Health & Safety Code § 25317; *See KFC Western, Inc. v. Meghrig,* 23 Cal. App. 4th 1167, 1172-75 (1994) (cost-recovery action for cleanup of gasoline-contaminated soil barred by the petroleum exclusion); *see also Ulvestad v. Chevron USA., Inc.,* 818 F. Supp. 292 (C.D. Cal. 1993).)

Defendant Chevron Corporation's Notice of Motion and Motion to Dismiss; Motion for a More Definite Statement and Motion to Strike - CASE NO: C09 04485 JF

289844.4

former service station site).  (Amended Complaint ¶ 60, 63, 64, 67-68.)  The Amended

Complaint contains no allegation that Taube-Koret conducted investigation or clean up

activities at the former service station site, or that contamination from the service station site

migrated to Parcel 2, the Taube-Koret property.[6]  The Amended Complaint alleges that

Taube-Koret cleaned up releases of PCE and vinyl chloride at Parcel 2 (Amended Complaint

¶¶ 136-139) but the Amended Complaint does not allege that these hazardous substances

were released from the Chevron gasoline service station during the time Chevron owned and

operated it.[7]   (Amended Complaint ¶ 154; *See Carson Harbor Village, Ltd. v. Unocal Corp.*,

270 F.3d 863, 874 (9th Cir. 2001.)

> b.     **Chubb Has Failed to Allege Sufficient Facts to Establish a Cause of Action Under CERCLA § 310, 42 U.S.C. § 9659.**

In its Amended Complaint Chubb now alleges that it is authorized to

commence a civil action against Chevron pursuant to CERCLA § 310 (Citizen Suits).

(Amended Complaint ¶ 71.)  This allegation is also deficient.  There is no allegation that

Chubb is seeking to have the Court to enforce a standard, regulation, condition, requirement,

or order which has become effective under U.S.C. Title 42.  (CERCLA §§ 310(a), (c).)

Chubb simply is seeking to recover its insured's response costs.  Moreover, nowhere does

Chubb allege that it complied with CERCLA § 310(d)(1), which requires that a 60-day notice

be given to the Environmental Protection Agency, the State of California, and Chevron before

an action is filed.  Compliance with the 60-day notice provision is a jurisdictional

---

[6] Chubb, at various times alleges that it paid costs related the cleanup of hazardous substances on *and around* Parcel 2.  However, the only reasonable inference that can be drawn from the Amended Complaint is that Taube-Koret only cleaned up the property it owned, Parcel 2. (Contrast Amended Complaint ¶ 18 with 15, 107.)

[7] Chubb alleges that "elevated concentrations of cis-1, 2-DCE, and vinyl chloride were observed near and emanating from the former [Chevron, Inc.] gasoline service station." However, the only reasonable inference that can be drawn is that they were deposited after Chevron sold the property because Chubb only alleges that petroleum hydrocarbons and PCBs were released during Chevron's ownership and operation of the service station. (Amended Complaint ¶¶ 32, 59, 146, 154, 169.)

Defendant Chevron Corporation's Notice of Motion and Motion to Dismiss; Motion for a More Definite Statement and Motion to Strike - CASE NO: C09 04485 JF

289844.4

prerequisite for maintaining a citizen suit under § 310.  (*Denison v. Kitzhaber*, 2001 U.S. Dist. LEXIS 12514, *18 (D. Or. July 24, 2001; *See Hallstrom v. Tillamook County* 493 U.S. 20, 31-33 (1989).)

c.  **Chubb has not Sufficiently Pled that Chevron is an "Arranger" under CERCLA § 107(a)(3)**

In its Amended Complaint Chubb has also alleged that Chevron is liable under CERCLA § 107(a)(3), as a party that has arranged for the disposal or treatment of hazardous substances.  (Amended Complaint ¶ 96.)  This naked legal conclusion is not supported by any factual allegations.  A generator is a person who arranges for the disposal or treatment of hazardous substances at any facility owned or operated "by another party or entity."  (*See Pakootas v. Teck Cominco Metals, Ltd*. 452 F.3d 1066, 1080 (9th Cir. 2006.)  Here, Chubb alleges that Chevron disposed of hazardous substances on its own facility.  (Amended Complaint ¶¶ 60-63.)  However, there are no factual allegations to support Chubb's legal conclusion that Chevron made an arrangement to dispose of hazardous substances at a facility owned or operated "by another party or entity."

2.  **Chubb Failed to Allege Sufficient Facts to Support its Legal Conclusion That its Insured, Taube-Koret, has Been Made Whole.**

In its first cause of action for cost recovery under CERCLA §§ 107 and 112(c), second cause of action for contractual subrogation, and third cause of action for equitable subrogation Chubb alleges that it is entitled to subrogation of the claims of Taube-Koret because it has paid compensation to Taube-Koret under a General Liability Policy ("Policy").  (Amended Complaint ¶¶ 17-18, 70-73, 103-127.)  An insurers' ability to exercise its right to subrogation depends on whether that claim is ripe.  (*Cal. Dept. of Toxic Substance Control v. City of Chico,* 297 F. Supp. 2d 1227, 1236 (2004).)  In *City of Chico* and *Am. Int'l Specialty Lines Ins. Co.*, the Courts recognized that both California law and "[f]ederal common law requires that, absent an agreement to the contrary, an insurance company may not enforce a right to subrogation until the insured has been fully compensated, that is, has been made

Defendant Chevron Corporation's Notice of Motion and Motion to Dismiss; Motion for a More Definite Statement and Motion to Strike - CASE NO: C09 04485 JF

289844.4

whole." (*City of Chico,* 297 F. Supp. 2d at 1236; *Am. Int'l Specialty Lines Ins. Co. v. U.S.,* 2005 U.S. Dist. LEXIS 4870, *10 (N.D. Cal. Mar. 24, 2005)[8]; *Sapiano v. Williamsburg Nat. Ins. Co.,* 28 Cal. App. 4th 533, 538 (1994).)

The Order required Chubb to plead with "sufficient particularity the circumstances surrounding the compensation it has paid on behalf of Taube-Koret and 'rights, claims, and causes of action' belonging to Taube-Koret for which it is seeking subrogation under Section 112(c)." (Order p. 10:17-20.) The Amended Complaint fails to do so. Instead, Chubb has merely (and repeatedly) made the conclusory allegation that Taube-Koret "has been made whole." (Amended Complaint ¶¶ 8, 18.) There are no factual allegations that support these conclusory allegations, which are not entitled to a presumption of truth.

Moreover, the factual allegations in the Amended Complaint actually demonstrate that Taube-Koret has not been made whole. Chubb alleges that Taube-Koret is strictly liable, pursuant to Water Board Orders, for cleaning up Parcel 2. (Amended Complaint ¶ 13.) The Amended Complaint alleges that this cleanup is not complete. (Amended Complaint ¶¶ 11, 35, 36, 42, 48, 54, 57, 60, 63, 66, 68, 145, 146, 153, 154, 155, 160, 168, 169.) The allegations of the Amended Complaint indicate that just as Taube-Koret was allegedly "forced to incur response costs" in the past due to Defendants alleged failure to perform necessary remediation, Taube-Koret will continue to be forced to pay these costs. (Amended Complaint ¶¶ 83, 86, 92, 97, 102.) Indeed, Chubb explicitly alleges that Taube-Koret continues to be damaged by the contamination that remains on Parcel 2, the property it owns. (Amended Complaint ¶¶ 160, 163.) Thus, the only reasonable inference that can be drawn from the Amended Complaint is that Chubb's insured continues to incur cleanup costs

---

[8] The United States Court of Federal Claims subsequently found that an agreement to the contrary of the made whole rule existed because the applicable policy indicated the insurer would be subrogated to the rights of its insured in the event of any payment under the policy. *Am. Int'l Specialty Lines Ins. Co. v. U. S.,* 2008 U.S. Claims LEXIS 481, *37 (Fed. Ct. Jan. 31, 2008.) This holding was made without any citation to authority and is contrary to established California authority. (*Sapiano,* 28 Cal. App. 4th at 535, 538 (1994).) Thus, this decision holds no precedential value.

Defendant Chevron Corporation's Notice of Motion and Motion to Dismiss; Motion for a More Definite Statement and Motion to Strike - CASE NO: C09 04485 JF

289844.4

and other damages related to the contamination of Parcel 2 and has not been made whole.

Chubb's subrogation right does not arise until its insured has been fully compensated for its loss.  (*Am. Int'l Specialty Lines Ins. Co.*, 2005 U.S. Dist. LEXIS 4870 at **11-12.)  Here, that will not occur until Parcel 2 has been fully remediated and Taube-Koret is no longer being ordered to investigate, monitor, and clean up contamination at the Site.  Accordingly, Chubb has failed to allege any plausible subrogation causes of actions.  Chubb's causes of action for subrogation should be dismissed under FRCP Rule 12(b)(6) or under FRCP Rule 12(b)(1) without leave to amend.

> **3.    Chubb Has Failed to Allege Sufficient Facts to Support its Cause of Action for Continuing Nuisance.**

The sixth cause of action asserts a continuing nuisance claim against Chevron and two other defendants.  Once again, the bare bones allegations of the Amended Complaint fail to allege sufficient facts to support a plausible claim for continuing nuisance.

Under a continuing nuisance theory an injured party may only recover for the temporary damage suffered during the three years prior to filing suit.  (*Santa Fe P'ship v. ARCO Prods. Co.,* 46 Cal. App. 4th 967, 976-77 (1996); *FDIC v. Jackson-Shaw Partners No. 46,* 850 F.Supp. 839, 844 (N.D. Cal. 1994).)  In the Amended Complaint, Chubb has failed to allege that Taube-Koret incurred any response costs in the three years before this lawsuit was filed.

In addition, Chubb merely alleges in a conclusory fashion that the contamination associated with the former Chevron gasoline service station is a continuing nuisance, that Taube-Koret suffered harm as a result of this contamination, and that the contamination at the service station site some how interferes with Taube-Koret's use and enjoyment of Parcel 2, causing it to be unreasonably annoyed and/or disturbed.  (Amended Complaint ¶¶ 150-166.)  Chubb alleges no facts to support its allegations regarding the alleged interference with the use of Parcel 2 and the unreasonable annoyance and/or disturbance of Taube-Koret.

In sum, Chubb has failed to allege sufficient facts (as opposed to legal

Defendant Chevron Corporation's Notice of Motion and Motion to Dismiss; Motion for a More Definite Statement and Motion to Strike - CASE NO: C09 04485 JF

289844.4

conclusions) to give rise to any plausible claim for relief against Chevron.  Chubb has alleged insufficient *facts* tying Chevron's activities at the former service station to the damage that Taube-Koret allegedly suffered in cleaning up a different property, Parcel 2.  And, Chubb has failed to allege sufficient *facts* showing that it has fulfilled the requirements of California's "made whole" doctrine.  Accordingly, the Amended Complaint should be dismissed.

### B.   Chubb's Fourth Cause of Action for Statutory Indemnity Under California Health and Safety Code § 25363(e) Should be Dismissed Because it is not Supported by any Cognizable Legal Theory.

Chubb's fourth cause of action attempts to state a claim against Chevron for statutory indemnity under the California Health and Safety Code § 25363(e).  This cause of action should be dismissed because it fails to state a cognizable legal theory.  (*Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d at 1104.)  As discussed in the Court's Order, Health and Safety Code § 25363(e) does not impose retroactive liability.  (Order p. 12:8-17.)  Acts that occurred on or before January 1, 1982 are exempt.  (Health & Safety Code § 25366(a).)  The Amended Complaint alleges that Chevron sold the property where the service station was located in 1977, at least four years before the Health and Safety Code became effective.  (Amended Complaint ¶¶ 24-25.)  Because Chubb has not and can not allege facts establishing that Chevron is liable for acts occurring after January 1, 1982, its claim for statutory indemnity should be dismissed under FRCP 12(b)(6) without leave to amend.[9]

### C.   Chubb's Fifth Cause of Action for Trespass and Seventh Cause of Action for Strict Liability Should be Dismissed Because They are Time Barred.

In its Amended Complaint, Chubb has now attempted to assert common law trespass (Fifth Cause of Action) and strict liability (Seventh Cause of Action) claims against Chevron.  These claims are time barred as a matter of law, and accordingly should be dismissed without leave to amend.

Claims for trespass and strict liability are subject to a three year statute of

---

[9] Chubb also failed to allege that it gave written notice to the director of the Department of Toxic Substances Control upon the filing of the action as required by § 25360(e).

Defendant Chevron Corporation's Notice of Motion and Motion to Dismiss; Motion for a More Definite Statement and Motion to Strike - CASE NO: C09 04485 JF

289844.4

limitations.  (Cal. Code Civ. Proc. § 338(b); *Beck Development Co., Inc. v. Southern Pacific Trans. Co.*, 44 Cal. App. 4th 1160, 1216 (1996); *CAMSI IV v. Hunter Technology Corp.*, 230 Cal. App. 3d 1525, 1536-38 (1991); *Starrh & Starrh Cotton Growers v. Aera Energy LLC*, 153 Cal. App. 4th 583, 592 (2007) (trespass); *Mangini v. Aerojet-General Corp.*, 230 Cal. App. 3d 1125, 1149 (1991) (strict liability) [superseded on other grounds by *Mangini v. Aerojet-General Corp.*, 12 Cal. 4th 1087 (1996)].)

The allegations of the Amended Complaint demonstrate that these claims are time barred.  Chubb alleges that Taube-Koret discovered the contamination on its property no later than August 12, 2003 when it was named as discharger by the Water Board.  (Amended Complaint ¶ 13.)  Accordingly, at the very latest, the statute of limitations had run by August 12, 2006 – more than three years before this lawsuit was filed.[10]

Because Chubb did not file its original Complaint until September 23, 2009, more than three years after the contamination was discovered, its cause of action for trespass and strict liability are barred and can not be cured by amending its Amended Complaint.  Accordingly, these causes of action should be dismissed under FRCP 12(b)(6) without leave to amend.  (*See Iverson, Yoakum, Papiano & Hatch v. Berwald*, 76 Cal. App. 4th 990, 995 (1999).)

### D.   If Chubb's Complaint is not Dismissed, Chubb Should be Required to Provide a More Definite Statement of its Claims Against Chevron.

If the Court finds that Chubb has satisfied the requirements of FRCP Rule 8, it

---

[10] Moreover, under California law the statute of limitations on claims for trespass and strict liability had run long before Taube-Koret bought the property.  Chubb alleges that Stevenson discovered contamination at the former service station site in 1977, thirty-three (33) years ago, during construction activities.  (Amended Complaint ¶ 66.)  Chubb also alleges that Ford had notice of the contamination on former satellite factory site as early as 1987, and that Sun had notice of the contamination as early as 1989.  (Amended Complaint ¶ 157.)  The statute of limitations is tied to the real property and is not renewed when a new owner acquires the land.  (*Beck*, 44 Cal. App. 4th at 1216 ("In an action involving tortious injury to property, the injury is considered to be to the property itself rather than to the property owner, and thus the running of the statute of limitations against a claim bars the owner and all subsequent owners of the property… .  In other words, the statute of limitations does not commence to run anew every time the ownership of the property changes hands.").)

Defendant Chevron Corporation's Notice of Motion and Motion to Dismiss; Motion for a More Definite Statement and Motion to Strike - CASE NO: C09 04485 JF

289844.4

should, in the alternative, order Chubb to provide Chevron with a more definite statement pursuant to FRCP Rule 12(e) because the Amended Complaint is so vague and ambiguous that Chevron cannot reasonably prepare a response.  Chubb should allege sufficient facts, should they exist, that releases from the former Chevron service station at 851 San Antonio Road caused Taube-Koret to incur response costs on Parcel 2.  Chubb should be required to specify whether Taube-Koret incurred any these response costs within the three years before the filing of the original Complaint.  Further, Chubb should allege sufficient facts to support its allegation that its insured has been made whole.  A sufficient complaint is needed because discovery will likely involve multiple parties, third parties, and multiple experts on each side.  "Before requiring the parties to engage in such a time-consuming and expensive undertaking, it is not unreasonable to require" Chubb to allege sufficient factual allegations.  These facts, should they exist, are presumably in Chubb's possession and readily available to its counsel.  (*City of Waukegan v. National Gypsum Co*., 2009 U.S. Dist. LEXIS 93333, **14-15 (N.D. Ill. Sept. 2, 2009; *See Twombly*, 550 U.S. at 558-59.)

E.      **Chubb's Prayer for Attorney's Fees Should be Stricken Because there is no Legal Basis for the Relief Sought.**

Chubb prays for reasonable attorney fees, expert witness fees, and costs incurred in bringing and prosecuting this action under CERCLA and the Health and Safety Code § 25363(e).  (Amended Complaint, Prayer for Relief Numbers iv and v.)  Neither CERCLA nor the Health and Safety Code allow for the recovery of attorney fees, expert fees, or costs incurred in bringing an action.[11]  (*Key Tronic v. U. S.* 511 U.S. 809, 819 (1994); *BNSF Railway Co. v. California*, 2009 U.S. Dist. LEXIS 2802, *9 (E.D. Cal. Jan. 6, 2009.) [attorney fees and expert costs incurred for litigation not recoverable under CERCLA]; *SPPI-Somersville v. TRC Companies*, 2009 U.S. Dist. LEXIS 74464, *62 (N.D. Cal. Aug. 21, 2009) [attorney fees incurred for litigation not recoverable under Health and Safety Code §

_____

[11]  If a valid citizen suit is brought under §310(f) litigation fees and costs may be recoverable, but Chubb has not filed a valid citizen suit.

Defendant Chevron Corporation's Notice of Motion and Motion to Dismiss; Motion for a More Definite Statement and Motion to Strike - CASE NO: C09 04485 JF

289844.4

25363(e)].)  A motion to strike is appropriate to address relief that is not recoverable as a matter of law.  (*Wilkerson v. Butler,* 229 F.R.D. 166, 172 (E.D. Cal. 2005).)  Thus, Chubb's Prayer's for Relief iv and v should be stricken from the Amended Complaint under FRCP 12(f).

**VII.    CONCLUSION**

For the above reasons, Chubb has failed to show that it is entitled to relief as required by FRCP Rule 8 and its Amended Complaint should be dismissed in its entirety without leave to amend.  If the Court finds that Chubb has satisfied the mandates of FRCP Rule 8, it should order Chubb to provide Chevron with a more definite statement, dismiss any claims which can not be cured by amending the Amended Complaint without leave to amend, and strike Chubb's improper prayers for relief.

Dated:  May 3, 2010                                    ROGERS JOSEPH O'DONNELL


By:    /s/ Robert C. Goodman
           ROBERT C. GOODMAN

Attorney for Defendant
CHEVRON CORPORATION

289844.4